### KATIE MOORE ET AL. v. HATTIE E. LEE.

Decided November 8, 1904.

**Title to Land—Findings of Court—Practice on Appeal.**

Defendant in trespass to try title having shown title through two separate deeds and there being no statement of facts brought up on appeal, the mere mistake of the trial court in making inconsistent recitals in his findings is not ground for reversal of a judgment in favor of defendant.

Error from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*F. F. & E. T. Chew,* for plaintiffs in error.

*C. L. Bradley,* for defendant in error.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Katie Moore and her husband in the form of trespass to try title to recover of Hattie Lee two acres of land situated near the corporate limits of the city of Houston. Defendant pleaded not guilty and by cross-action set up an affirmative claim to the property. By supplemental answer she claimed to own the land by virtue of certain instruments, the nature of each of which will be disclosed later on in this opinion. These instruments were claimed by plaintiffs to be mortgages and one is alleged to have

been void because made at a time when the property was homestead. A trial was had to the court without a jury and judgment rendered in favor of defendant from which plaintiffs have prosecuted this writ of error.

There is no statement of facts, and such of the errors assigned as we can consider in the absence of such statement are predicated upon apparent inconsistencies in the facts as found by the trial judge, plaintiff in error contending that the facts so found do not support the judgment but are inconsistent with it. We do not deem it necessary to embody in this opinion the findings of the trial judge. In disposing of the case we will set out the controlling facts.

Katie Moore was the wife of one Thomas. She procured a divorce from him and in so doing incurred a debt of $50 which defendant Hattie Lee, who was her sister, paid and took a mortgage from Katie in the form of an absolute deed on a part of the property in controversy to secure its payment. By the divorce from Thomas she became the owner of half of four acres of land theretofore owned by them in community and her half is the property in issue in this suit.

She thereafter married one Gordon, with whom she lived upon the property as their home. Desiring to borrow money she sought to procure a loan from E. D. Phelps, giving a mortgage on her home as security. Phelps refused but offered to buy the place for $250. This was agreed to, an absolute deed made to the property and the consideration paid. This sum plaintiffs in error used in establishing a small mercantile business. Phelps required a surrender of the premises and placed a tenant thereon, but verbally agreed that if they desired they might have the option to repurchase the property within two years for $350. This they failed to do, and when they discovered they could not do so Katie Moore told defendant she had rather defendant would have it than Phelps and asked her to pay the sum and take a deed. Defendant did so the day before the expiration of the option and took a quitclaim deed to all the property.

In consideration of the $50 expended for her divorce from Thomas and certain money furnished her by defendant to defray her expenses at school Katie made another deed to defendant absolute in form. At the date of the execution of this deed Katie was a feme sole, having separated from Gordon. She afterwards married Moore, who joins her in this suit.

The trial court found the deed to Phelps to be absolute and the last named deed from Katie to defendant to be absolute also. This being true and there being no statement of facts, the mere mistake of the trial court in reciting the consideration of the last deed in such a way as to render a part of it inconsistent with the defendants' pleadings will not require a reversal of the case. The facts found support the judgment and it is affirmed.

*Affirmed.*